UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYNEL GERARDO MEDINA
LOPEZ,

      Petitioner,

v.

KEVIN RAYCRAFT, *et al.*,

      Respondents.

_____ /

Case No. 26-10784

Hon. F. Kay Behm
United States District Judge

## ORDER DENYING MOTION TO VACATE TRO (ECF No. 8)

Before the court is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1 ("Petition"), alleging that Petitioner Darynel Gerardo Medina Lopez has been unlawfully detained by United States Immigration and Customs Enforcement ("ICE"), and seeking as relief his release from detention. The court heard arguments on May 12, 2026, takes that matter under consideration, and will issue an opinion and order in a timely manner. Should either party obtain additional information regarding Petitioner's deferred action status and when that status expires, they are encouraged to submit that information as soon as possible.

1

First, however, a threshold matter.  To the extent that Respondents have argued that this court's order enjoining Petitioner's transfer from this district violates a rule of federal civil procedure, "[t]he district court undeniably has an 'inherent authority to protect [its] proceedings,' *Degen v. United States*, 517 U.S. 820, 823 (1996), and to 'meet new situations which demand equitable intervention, and to accord all the relief necessary to correct the particular injustices involved in these situations,' *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944)."  *Ozturk v. Hyde*, 136 F.4th 382, 394-95 (2d Cir. 2025).  Respondents' attempt to remove Petitioner from the country, without notifying the court or his attorney, was an extraordinary event that demanded equitable intervention to protect the integrity of this proceeding, and to prevent exactly that same behavior from recurring while this matter is ongoing.  Respondents' argument that this order violated Fed. R. Civ. P. 65 and should be vacated constitutes, in light of their own conduct, unclean hands.  The unclean hands doctrine proscribes relief when a party's misconduct has "immediate and necessary relation to the equity that he seeks."  *See Henderson v. United States*, 575 U.S. 622, 625 n.1 (2015).

In any event, courts considering immigration matters nationwide have found such an order valid and enforceable outside of Rule 65. Under the All-Writs Act, a district court may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. And many have, consistent with that statutory and inherent authority. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644, 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases.") (collecting cases).

For the reasons stated in this order, and in particular to preserve this court's jurisdiction over this matter and ensure that, if the Petition is granted, meaningful relief may be accorded, the order enjoining Petitioner's transfer or removal is **EXTENDED** for another 10 days.

    **SO ORDERED.**

Date: May 12, 2026                  <u>s/F. Kay Behm</u>
                                       F. Kay Behm
                                       United States District Judge