UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYNEL GERARDO MEDINA LOPEZ,

     Petitioner,

v.

KEVIN RAYCRAFT, *et al.*,

     Respondents.

_____ /

Case No. 26-10784

Hon. F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING MOTION FOR
PERMANENT INJUNCTION (ECF No. 19)**

Before the court is a motion for permanent injunction, alleging that Petitioner Darynel Gerardo Medina Lopez was unlawfully detained by United States Immigration and Customs Enforcement ("ICE"), and seeking as relief an injunction preventing his re-detention absent changed circumstances that warrant re-detention. For the reasons that follow, the motion is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, Darynel Gerardo Medina Lopez, is a 22-year-old citizen of Honduras with an approved Special Immigrant Juvenile Status ("SIJS") petition and an immediately available visa. After the visa

became available, Petitioner filed an application for adjustment of status on March 19, 2026.  Because visa availability delays affected many SIJS beneficiaries, deferred action was granted to eligible SIJS recipients, including Petitioner, who received deferred action on July 25, 2023.  It is unclear when Petitioner's deferred action will expire, as deferred action appears to have been typically granted for four years under the relevant programs, but Petitioner's work authorization has expired.

Petitioner has lived the United States since August 2014.  An Immigration Judge ordered him removed on July 13, 2017, but his case changed materially when (1) he was granted SIJS status, and (2) his SIJS visa became available allowing him to request for his immigration case to be reopened.  On March 20, 2026, Petitioner filed both a motion to reopen his immigration proceedings and a motion to stay removal with the Board of Immigration Appeals ("BIA").  However, the BIA has not yet ruled on these motions.

On March 03, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE").  Petitioner filed a Petition for Habeas Corpus before this court on March 09, 2026.  ECF No. 1.

After stipulating to a response deadline (ECF No. 3), on March 12, 2026, before that response deadline occurred, Respondents transferred Petitioner out of this court's territorial jurisdiction to the state of Texas where his removal was imminent.  The court quickly granted a temporary restraining order to ensure that Petitioner was not transferred out of the country while his habeas petition was pending. ECF Nos. 4, 5.

After briefing on the petition itself, the court then granted the petition for habeas corpus.  ECF No. 17.  This motion for an injunction preventing Petitioner's re-detention follows.  ECF No. 19.

## II.    STANDARD OF REVIEW

The test for a permanent injunction requires the movant to establish: (1) irreparable injury; (2) there are no adequate remedies available at law to compensate for the injury; (3) a remedy in equity is warranted (the balance of hardship favors the plaintiff); and (4) the injunction would not disserve the public interest.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006).  In general, the standard for permanent injunction and preliminary injunction are the same with one

exception.  The framework set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), which permits relief based on a "likelihood" of success on the merits, applies only to preliminary injunctions.  By contrast, a permanent injunction requires actual success on the merits.  Here, this court granted Petitioner's petition for a writ of habeas corpus concluding that his detention was unlawful and ordering his release.  *See* ECF No.17, PageID.241.  Because this court has already entered a final decision on the habeas petition, Petitioner has satisfied the first requirement for permanent injunctive relief.

## III.   ANALYSIS

### A.    Irreparable Harm.

The Sixth Circuit requires a showing that failure to issue a permanent injunction is likely to result in irreparable harm.  *U.S. v. Miami University*, 294 F.3d 797, 816 (6th Cir. 2002); *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006).  Petitioner is a beneficiary of SIJS, a humanitarian protection Congress created for vulnerable noncitizen children who have been abused, neglected, or abandoned.  Petitioner has an approved SIJS petition, an immediately available visa, likely a grant of deferred action, and a pending adjustment of

status application.  Because adjustment under INA § 245(a) requires physical presence in the United States, Petitioner's removal would effectively foreclose his ability to obtain lawful permanent residence and deprive him of protections Congress specifically intended for SIJS beneficiaries.  *See* ECF No. 17, PageID.224-25.

The complete loss of the opportunity to pursue immigration relief, including adjustment of status and work authorization, constitutes irreparable harm.  Petitioner has explained in his briefings that once removed, he loses the opportunity to apply for adjustment of status; nothing in Respondents' response indicates to the contrary. Respondents focus on Petitioner's allegedly available pathways to challenge his removal – while ignoring that Respondents in fact attempted to remove Petitioner during the pendency of this proceeding.

Respondents are correct that *Nken v. Holder* held that "the burden of removal alone cannot constitute the requisite irreparable injury" to categorically issue a stay of removal.  556 U.S. 418, 435 (2009).  But that argument is off base for three reasons.  First, this order prevents Petitioner's re-detention, not his removal – detention and removal are related but legally distinct actions.  Respondents cannot seriously

5

question that this court has the authority to prevent Petitioner's arrest or detention pursuant to a non-executable removal order. *See Enriquez-Perdomo v. Newman*, 54 F.4th 855, 863 (6th Cir. 2022). Second, to the extent this order affects Respondents' ability to remove Petitioner, the court's order explained why Petitioner's removal order is not executable so long as he maintains deferred action status or SIJS status with a pending adjustment of status application. The *Nken* Court also held that the public has an interest in preventing wrongful removal. *Nken*, 556 U.S. at 436 ("Of course there is a public interest in preventing aliens from being wrongfully removed[.]"). Third, any downstream effect on Petitioner's removal is not, as was contemplated in *Nken*, a categorical stay on Petitioner's removal and a wholesale prevention of his removal – it only speaks to the particular factual and legal conditions identified in the court's prior order. Respondents remain able to pursue changes in Petitioner's deferred action or SIJS status (or, if such statuses have in fact expired, they no longer prevent his removal), or Respondents could detain Petitioner on a different factual and legal basis. *See* ECF No. 17, PageID.214, 233 (noting that the Executive could take steps to change Petitioner's status); *id.* at

PageID.238 (noting that expired deferred action status would not prevent Petitioner's removal).

## B. Adequate Remedy at Law

A party seeking permanent injunctive relief must demonstrate that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). Whether a legal remedy is adequate must be determined on a case-by-case basis and must be sufficient to meet the ends of justice. *Harris Stanley Coal & Land Co. v. Chesapeake & Ohio Ry. Co.*, 154 F.2d 450, 455 (6th Cir. 1946).

Here, monetary damages cannot remedy the unlawful removal of Petitioner or restore the immigration protections he would lose if deported to Honduras. Because adjustment under INA § 245(a) requires physical presence in the United States, Petitioner's removal would terminate his ability to pursue lawful permanent residence and effectively nullify the humanitarian protections Congress created for SIJS beneficiaries such as Petitioner. Accordingly, the only adequate remedy is injunctive relief allowing Petitioner to remain in the United

States while his adjustment application is pending and/or his deferred action is maintained.

### C.   Balance of Hardships and Public Interest

When the federal government is a party, the factors of balance of hardships and public interest merge.  *Diaz-Calderon v. Barr*, No. 2:20-CV-11235-TGB, 2020 U.S. Dist. LEXIS 173509, at \*17 (E.D. Mich. Sep. 22, 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).  In the Sixth Circuit, injunctive relief must also avoid substantial harm to others and serve the public interest.  *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014); *Dutton v. Shaffer*, 171 F.4th 858, 879 (6th Cir. 2026).  Here, the government faces little harm from allowing Petitioner to remain in the United States while pursuing adjustment of status based on his approved SIJS petition and/or while he maintains deferred action.  By contrast, Petitioner would suffer severe harm if removed, including the loss of his ability to adjust status and obtain lawful permanent residence.  Granting injunctive relief also serves the public interest by preserving the humanitarian protections Congress created through the SIJS statute.  It is also in the public interest to prevent a miscarriage of justice.  The Sixth Circuit made it

clear in *Enriquez-Perdomo* that a removal order is unenforceable when there is a grant of deferred action.  *See Enriquez-Perdomo v. Newman,* 149 F.4th 623, 629 (6th Cir. 2025) *(*citing *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 867 (6th Cir. 2022) (deferred action under DACA); see ECF No.17, PageID.213.

### D.   Respondents' Arguments

Finally, the court rejects Respondents' arguments to the contrary. Respondent first argues that Petitioner did not properly pose injunctive relief in their petition, and therefore the court cannot grant that relief. ECF No. 20, PageID.270.  But a "judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).  Second, Respondent argues that Petitioner will not face irreparable injury and has adequate alternative remedies.  They point to legal avenues through which Petitioner may challenge the lawfulness of his removal order.  But the facts of these proceedings are, in the end, the best evidence of what is likely to occur.  Respondents attempted to remove Petitioner from the United States during these very proceedings.  The federal habeas statute "does not limit the relief that may be granted to discharge of the

9

applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968).  The court therefore will enjoin Respondents from re-detaining Petitioner while the factual and legal circumstances underlying the court's order granting his petition – i.e. his deferred action status and SIJS status with pending application to adjust status – remain in effect and if there are no other circumstances justifying his detention for purposes of removal.

## IV.   CONCLUSION

It is therefore **ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner based on the same factual and legal grounds presented in his Petition (ECF No. 1) and if (1) he maintains deferred action status, or (2) he maintains SIJS status and has a currently pending application for adjustment of status.  This order does not purport to prevent Petitioner's detention on other grounds not discussed in the court's prior order or purport to prevent Petitioner's detention based on changed factual or legal circumstances.  This order is issued solely to enforce the narrow *res judicata* effect of the court's order granting the petition for writ of habeas corpus in this case.

**SO ORDERED.**


Date: July 8, 2026                                  <u>s/F. Kay Behm</u>
                                                    F. Kay Behm
                                                    United States District Judge